### John J. Gormley, Appellee, v. Anna Vydarena et al., trading as Lederer Brothers (Defendants). Rudolph Lederer and Samuel Lederer, Appellants.

### Gen. No. 22,775.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed May 21, 1917.

### Statement of the Case.

Bill by John J. Gormley, complainant, against Anna Vydarena, Paul Vydarena, and Rudolph Lederer and Samuel Lederer, trading as Lederer Brothers, defendants, to apply property standing in the name of the defendant Samuel Lederer to the satisfaction of a judgment for $5,050 recovered by complainant against the defendant Anna Vydarena. From a decree ordering the defendants to pay to complainant $5,013, with

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

interest, and costs within ten days or to surrender and deliver to a certain master in chancery of the court and transfer to said master all title, right and interest had or claimed by the defendant Samuel Lederer in and to a certain certificate of purchase to the property in question, defendants Rudolph Lederer and Samuel Lederer appeal.

SABATH, STAFFORD & SABATH, for appellants; CHARLES B. STAFFORD, of counsel.

McMAHON & CHENEY, for appellee; FRANK L. CHENEY, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. CREDITORS' SUIT, § 56*—*when evidence is sufficient to show fraudulent procurement of loan and use of proceeds.* Evidence *held* sufficient to show that certain of the defendants, the judgment debtor and her husband, obtained possession of complainant's money deliberately and by the use of grossest fraud, that they did not obtain a loan of money from the other defendants for the purpose of enabling them to get possession of the certificate of purchase of certain real estate in question, and that they in fact used complainant's money to procure the certificate.

2. CREDITORS' SUIT, § 56*—*when evidence is sufficient to show fraudulent assignment of certificate of purchase of real estate.* Evidence *held* sufficient to warrant the finding that the assignment of a certificate of purchase of certain real estate in question by the judgment debtor defendant to another defendant was done for the purpose of defrauding the debtor's creditors and in particular the complainant, and was without consideration in a creditor's bill on such judgment.

3. EQUITY, § 313*—*what evidence is sufficient to overcome allegation of sworn answer.* The allegations of defendants' sworn answer which directly met the allegations of the bill, *held* overcome by the testimony of two witnesses or the equivalent thereof.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. EQUITY, § 303*—*who has burden of proof as to new matter alleged in answer.* The burden of proof of new matter alleged in an answer to a bill, *held* to be upon the defendant.

5. APPEAL AND ERROR, § 365*—*what is effect of failure to make objection and note exception at proper time.* Failure to make objection and note exception at the proper time during the course of a trial, *held* to operate as a waiver of the right to present the merits of the controversy on appeal.